**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-6719**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DESHAWN R. RIVERS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:12-cr-00148-PMD-1; 2:15-cv-02511-PMD)

_____

Submitted: October 18, 2016        Decided: October 21, 2016

_____

Before WILKINSON, KING, and FLOYD, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Deshawn R. Rivers, Appellant Pro Se. Robert Nicholas Bianchi, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deshawn R. Rivers appeals the district court's order denying relief on his motion to reconsider the court's earlier order dismissing his 28 U.S.C. § 2255 (2012) motion. Rivers has failed to show reversible error on appeal or establish grounds for a certificate of appealability. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Rivers has not made the requisite showing. The district court lacked jurisdiction to deny Rivers' motion to reconsider under Fed. R. Civ. P. 60(b) because the claims he raised challenged

2

the validity of his convictions, and thus the motion should have been construed as a successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized second or successive habeas corpus petition); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (same). In the absence of prefiling authorization from this court, the district court lacked jurisdiction to hear a successive § 2255 motion. See 28 U.S.C. § 2244(b)(3) (2012).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED